UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NICHOLAS MILFORD,                      )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )    20-3320
                                       )
SANGAMON COUNTY SHERIFF'S OFFICE,      )
*et al.*                               )
                                       )
         Defendants.                   )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently detained at Sangamon County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff alleges that officials at the Sangamon County Sheriff's Office, Sangamon County Correctional Facility, and Sangamon

County Courts Complex failed to post a "notice of rights" in their respective facilities in violation of Illinois law. Plaintiff alleges that the failure has caused him to plead guilty to several offenses he did not commit dating back to 2010.

Plaintiff cannot state a constitutional claim for the alleged violation of state law. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."); *Pulera v. Sarzant*, 966 F.3d 540 (7th Cir. 2020). Plaintiff does not otherwise allege facts that support a viable federal claim, nor has he sued defendants that are amenable to suit under § 1983. *E.g., Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983). Plaintiff's complaint is dismissed without prejudice for failure to state a claim.

Pursuant to the standard practice in this circuit, the Court will permit Plaintiff an opportunity to file an amended complaint that provides any additional information Plaintiff wishes the Court to consider.

**It is therefore ordered:**

1)   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Entered this 19th day of January, 2021.

*s/Harold A. Baker*
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE